United States v. Edward          CR-03-066-M   10/28/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


United States of America,
     Plaintiff

     v.                                Criminal No. 03-66-01-M
                                       Opinion No. 2003 DNH 183
Mitchell Edward,
     Defendant


                         **O R D E R**


     Defendant moves to suppress evidence obtained as a direct or
indirect result of the execution of an arrest warrant, claiming
that the affidavit supporting issuance of the warrant suffered
from glaring material omissions of fact which, if they had been
included, would have effectively undermined the issuing
magistrate's finding of probable cause.  See Franks v. Delaware,
438 U.S. 154 (1978).  Having considered defendant's motion to
suppress (document no. 11), and having reviewed the pleadings,
memoranda, attachments, and the record, it is plain that even if
the omitted facts defendant says should have been included in the
affidavit supporting the request for the arrest warrant were
added to it, the affidavit still would strongly support a finding

of probable cause to arrest the defendant for conspiracy to commit robbery.

Defendant argues, in essence, that information suggesting that other persons committed the robbery, as well as information about the defendant (i.e., his height, race, etc.) which was inconsistent with the robbery victim's initial descriptions of the perpetrators, should have been included in the warrant affidavit. But even had that material been included, the warrant affidavit still would have provided very strong reason to believe defendant committed the robbery.

The affidavit disclosed, among other things, that Kelly Moya attributed statements about defendant's complicity in this robbery to co-defendant Turcotte. Moya also reported that Turcotte accurately described both the mechanics of the robbery, as well as the dress of the robbers, information only the perpetrators and victim had (i.e., that information had not been released to the public). Moya's statement regarding pre-robbery planning comments made by both defendant and Turcotte, in her presence, further tied defendant to the crime. (Those comments

2

included inquiries by the conspirators about alarms at the targeted McDonald's restaurant, security cameras on site, the presence of employees, and whether Moya (a former employee) had keys to the restaurant). Turcotte also commented that the local newspaper reported, wrongly, that two white males had committed the robbery (defendant is not Caucasian), and that a car stolen from a local parking lot was used in the robbery (a car had indeed been recently stolen from that lot).

Given the totality of the circumstances presented, an issuing magistrate would, without question, have found probable cause to believe that defendant committed the McDonald's restaurant robbery with Turcotte, even had the magistrate been provided with the omitted information defendant says should have been included.

Because defendant has not made a "substantial preliminary showing" that the warrant affidavit suffered from material omissions that, if added to the affidavit, would undermine a finding of probable cause, a <u>Franks</u> hearing (<u>Franks v. Delaware</u>, <u>supra</u>) is not necessary, and the motion to dismiss (document no.

11) is <u>denied</u>.  <u>See</u> <u>United States v. Nelson-Rodriguez</u>, 319 F.3d 12 (1st Cir. 2003).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 28, 2003

cc:  Terry L. Ollila, Esq.
     Paul J. Garrity, Esq.
     U.S. Probation
     U.S. Marshal